# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 20-0135V
### (not to be published)

RONALD PICCOLOTTI,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

Chief Special Master Corcoran

Filed: June 8, 2023

Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates

*William E. Cochran, Jr. Black, McLaren, et al., PC, Memphis, TN,* for Petitioner.

*Bridget Corridon, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 6, 2020, Ronald Piccolotti filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a Shoulder Injury Related to Vaccine Administration as a result of an influenza vaccine he received on November 24, 2018. Petition at 1. On March 31, 2023, I issued a Decision awarding compensation to Petitioner, following briefing and expedited Motions Day argument by the parties. ECF No. 51.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting a total award of $57,529.18 (representing $54,400.00 in fees and $3,129.18 in costs). Petitioner's Application for Attorneys' Fees and Costs, filed May 2, 2023, ECF No. 56. I n accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. ECF No. 56-3.

Respondent reacted to the motion on May 3, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 57. Petitioner did not file a reply thereafter.

Having considered the requested hourly rate increase and following review of the billing records submitted with Petitioner's requests, I find reductions in the amount of fees and costs to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for attorneys Michael McLaren and William Cochran; a law clerk, and paralegals at the following rates:

|  | **2018** | **2019** | **2020** | **2021** | **2022** | **2023** |
|---|---|---|---|---|---|---|
| Michael McLaren | X | X | $484 | X | X | X |
| William Cochran | $377 | $391 | $405 | $420 | $435 | $457 |
| Law Clerk |  |  | X | $156 | X | X |
| Paralegals |  | $155 | $160 | $161 | $167 | $175 |

The requested rates for time billed by Mr. McLaren, Mr. Cochran, the law clerk, and paralegals between 2020 and 2022 are reasonable and consistent with what has previously been awarded for work these attorneys have performed for other petitioners. ECF No. 56-2 at 1-13. And all travel time was properly billed at one-half of the attorney's usual hourly rate. *Id.* at 14; *see,* e.g., *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011).

For time billed in 2023, however, Mr. Cochran and paralegals have previously been awarded the rates of $450 and $172 respectively, for time billed in 2023. *See Gibson v. Sec'y of Health & Hum. Servs.,* No. 20-0243V (Fed. Cl. Spec. Mstr. May 8, 2023). Petitioner has provided no rationale for these requested mid-year increases, and the previously awarded rates are within the appropriate range for Mr. Cochran's and the paralegals' levels of experience. *See* 2023 Attorneys' Forum Hourly Rate Fee Schedule, at http://www.uscfc.uscourts.gov/node/2914 (last visited May 25, 2023). Accordingly, I will reduce these 2023 rates, to be consistent with what has been previously awarded. This results in a reduction of **$172.90**.[3]

Regarding the number of hours billed, I note this case required additional briefing regarding the issues of entitlement and damages, and participation in an expedited Motions Day. *See* Petitioner's Motion for a Ruling on the Record, filed Aug. 22, 2022, ECF No. 42; Petitioner's Responsive Damages Briefing, Dec. 6, 2022, ECF No. 47; Hearing Minute Entry, dated Mar. 24, 2023 (regarding the March 24th hearing).

---

[3] This amount is calculated as follows: ($457 - $450 = $7 x 22.0 hrs. = $154.00) + ($175 - $172 = $3 x 6.3 hrs. = $18.90) = $172.90.

Petitioner's counsel expended approximately 11.6 hours drafting the motion for a ruling on the record – along with 3.8 hours of preliminary work reviewing decisions in comparable case and .6 hours exploring the possibility of a future pain and suffering award, and 11.1 hours drafting the responsive damages briefing. ECF No. 56-2 at 11-13. Although the amount of time billed for Petitioner's responsive brief was greater than usually seen in briefed SPU SIRVA cases, the total hours expended on both Petitioner's motion and responsive brief were reasonable.

However, I also note that the requested amount of attorney's fees and costs in this case exceeds the amount awarded Petitioner for his SIRVA injury by more than $10,000.00. *Compare* ECF No. 51 *with* ECF No. 56. Additionally, I awarded Petitioner only $5,000.00 more than the amount proposed by Respondent. ECF No. 51. Although I am not reducing any of the hours billed in this case, Petitioner's counsel should always ensure that the hours expended on a petitioner's claim are reasonable.

### ATTORNEY COSTS

Petitioner requests $3,129.18 in overall costs. ECF No. 56-2 at 16-48. She has provided receipts for all but expenses of $4.52 for postage, $5.25 water while traveling, $11.66 for mileage, $55.60 for copying costs, $17.85 for long distance telephone costs, $278.15 in computer assisted research, $19.60 for PACER service fees, and a repeated records charge of $29.77. *Id.* I will nevertheless allow reimbursement of all unsubstantiated costs, except the $29.77 records charge. Despite slightly differing descriptions (medical records vs. billing records), the second entry of $29.77 appears to be a mistakenly included duplicative charge. Thus, I will reduce the amount of attorney's costs by this amount, **$29.77.**

### CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$57,326.51 (representing $54,227.10 in fees and $3,099.41 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[4]

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master